UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
YEHOSHUA C. MINSKY
on behalf of himself  and
all other similarly situated consumers

                            Plaintiff,

            -against-


FINANCIAL RECOVERY SERVICES, INC.

                  Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.      Plaintiff Yehoshua C. Minsky seeks redress for the illegal practices of Financial

Recovery Services, Inc. concerning the collection of debts, in violation of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.      Plaintiff is a citizen of the State of New York who resides within this District.

3.      Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.      Upon information and belief, Defendant's principal place of business is located in

Minneapolis, Minnesota.

5.      Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

1692(a)(6).

### *Jurisdiction and Venue*

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Yehoshua C. Minsky*

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about February 5, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.     The said letter stated in pertinent part as follows:

"******PAYMENTS ARE AN OPTION******

AS YOU HAVE NOT RESOLVED THIS ACCOUNT AND WE BELIEVE THAT YOU ARE UNABLE TO BORROW THE MONEY TO PAY OFF THE ABOVE ACCOUNT, WE ARE EXTENDING TO YOU ANOTHER OPTION.

IN AN EFFORT TO ALLOW YOU MORE TIME TO GET YOUR FINANCES IN ORDER, WE WILL AGREE TO ACCEPT $25.00 PER MONTH FOR THE NEXT THREE MONTHS.

AT THE END OF THE THREE MONTHS THE ARRANGEMENT WILL BE REVIEWED AND HOPEFULLY YOU WILL BE ABLE TO PAY THE REMAINING BALANCE IN FULL.

IN ORDER FOR THIS ARRANGEMENT TO BE ACCEPTED BY

OUR OFFICE, YOU NEED TO NOTIFY US BY EITHER WRITING

OR TELEPHONING OUR OFFICE THAT YOU AGREE TO THE

TERMS MENTIONED ABOVE, OR JUST SEND THE PAYMENT

IN THE ENCLOSED ENVELOPE. IT'S THAT EASY!!!

SINCERELY,
COREY KEVITT
ACCOUNT MANAGER"

12.     The Defendant's letter is deceptive and misleading in violation of 15 U.S.C. §§ 1692e

and 1692e(10) as it falsely implies that the Defendant has actual knowledge about

Yehoshua C. Minsky's financial conditions and what intentions he has or does not have

regarding the alleged debt.

13.     The said statement: "WE BELIEVE THAT YOU ARE UNABLE TO BORROW THE

MONEY TO PAY OFF THE ABOVE ACCOUNT" is an unaccountable claim, not only

regarding the Plaintiff's ability to borrow, but also about his wish or intention to do so.

14.     Defendant continues to state that it wishes to "ALLOW YOU MORE TIME TO GET

YOUR FINANCES IN ORDER," which is a further baseless and presumptuous

statement, as it implies that the Defendant has actual knowledge of the Plaintiff's

personal circumstances.

15.     The said statement that "AT THE END OF THE THREE MONTHS THE

ARRANGEMENT WILL BE REVIEWED…," is a vague statement, as it does not

explain precisely what the Defendant is going to further review.

16.     More importantly, by stating that "HOPEFULLY YOU WILL BE ABLE TO PAY THE

REMAINING BALANCE IN FULL," the Defendant opts out from identifying what

precisely will occur in the event that the Plaintiff is unable to do so.

17. Defendant further states that its "ARRANGEMENT" could be accepted by writing or calling the Defendant and "THAT YOU AGREE TO THE TERMS MENTIONED ABOVE," when the "terms" had been deliberately obscured or excluded from the Defendant's letter.

18. 15 U.S.C. § 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

19. 15 U.S.C. § 1692f provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

20. Said language can be reasonably read to have two or more different meanings, one of which is false.[1]

21. The letter concludes with a statement encouraging the Plaintiff to contact the Defendant and indicate that he agrees to "THE TERMS MENTIONED," and ending with the words "IT'S THAT EASY!!!" when no clear terms have been provided which a consumer would be able to easily understand.

22. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that

---

[1] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

utilized by Defendant in mailing the above-cited letter to the Plaintiff.

23.    The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

24.    The said letter is a standardized form letter.

25.    Defendant's February 5, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f for deceptive and misleading misrepresentations and for using unfair and unconscionable means to collect on an alleged debt.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

26.    Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty five (25) as if set forth fully in this cause of action.

27.    This cause of action is brought on behalf of Plaintiff and the members of a class.

28.    The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about February 5, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Barclays Bank Delaware; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f for deceptive and misleading misrepresentations and for using unfair and unconscionable means to collect on an alleged debt.

29.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A.  Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B.  There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C.  The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D.  The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E.  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

30.  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

31.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

*Violations of the Fair Debt Collection Practices Act*

33.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

34.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

> A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);
>
> B. Attorney fees, litigation expenses and costs incurred in bringing this action; and
>
> C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 15, 2015


_/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411


Plaintiff requests trial by jury on all issues so triable.


_/s/ Adam J. Fishbein____
Adam J. Fishbein (AF-9508)

DEPT 813     2178846015023
PO BOX 4115
CONCORD CA  94524

|| ||||| ||||| |||||| || |||| |||| |||| ||||| |||| |||| ||||| |||| ||||| |||| ||||

RETURN SERVICE REQUESTED

February 5, 2015

|..||..||.|.|..||.||...|.|||....|||.|.|.|..||..||.|



YEHOSHUA C MINSKY
483 CHESTNUT ST
CEDARHURST NY 11516-2019

**FINANCIAL RECOVERY SERVICES, INC.**

**P.O. Box 385908**
**Minneapolis, MN  55438-5908**
1-877-476-9749

CURRENT CREDITOR: BARCLAYS BANK DELAWARE
REGARDING: APPLE
ACCOUNT NUMBER: XXXXXXXXXXXX7523
DATE OF LAST PAYMENT: 02/08/13
CHARGE-OFF DATE: 09/27/13

**BALANCE ITEMIZATION**
PRINCIPAL BALANCE: $3931.02
BALANCE DUE: $3931.02
FRS FILE NUMBER:          76
ON-LINE PIN NUMBER:          181
(Used to access and view your file on  WWW.FIN-REC.COM)

## ******PAYMENTS ARE AN OPTION******

AS YOU HAVE NOT RESOLVED THIS ACCOUNT AND WE BELIEVE THAT YOU ARE UNABLE TO BORROW THE MONEY TO PAY OFF THE ABOVE ACCOUNT, WE ARE EXTENDING TO YOU ANOTHER OPTION.

IN AN EFFORT TO ALLOW YOU MORE TIME TO GET YOUR FINANCES IN ORDER, WE WILL AGREE TO ACCEPT $25.00 PER MONTH FOR THE NEXT THREE MONTHS.

AT THE END OF THE THREE MONTHS THE ARRANGEMENT WILL BE REVIEWED AND HOPEFULLY YOU WILL BE ABLE TO PAY THE REMAINING BALANCE IN FULL.

IN ORDER FOR THIS ARRANGEMENT TO BE ACCEPTED BY OUR OFFICE, YOU NEED TO NOTIFY US BY EITHER WRITING OR TELEPHONING OUR OFFICE THAT YOU AGREE TO THE TERMS MENTIONED ABOVE, OR JUST SEND THE PAYMENT IN THE ENCLOSED ENVELOPE.  IT'S THAT EASY!!!

SINCERELY,

COREY KEVITT
ACCOUNT MANAGER
TOLL FREE: 1-877-476-9749

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

**SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Office hours are: Monday-Thursday, 7am to 8pm; Friday 7am to 5pm; Saturday 7am to noon.

---

***DETACH AND RETURN THIS PORTION OF THIS NOTICE WITH YOUR PAYMENT***

NOTE:  ANY CHECK RETURNED FOR INSUFFICIENT FUNDS OR ACCOUNT CLOSED WILL BE ASSESSED A $15.00 CHARGE.

Amount Enclosed: _____

Home Phone: _____

Work Phone: _____

TOTAL BALANCE DUE: $3931.02

FRS File#:          376

|| ||||| || |||| || || ||| || ||
TOLL FREE: 1-877-476-9749

FINANCIAL RECOVERY SERVICES, INC.
P.O. BOX 385908
MINNEAPOLIS, MN  55438-5908

||.|'..||.||.|'.|'.|'||.||.||'.||'.|'.|.||.|'.|'.|.|.||'.|'..|

YEHOSHUA C MINSKY
483 CHESTNUT ST
CEDARHURST, NY 11516-2019

|| ||||| |||| ||| || ||| ||||| ||||| ||| || |||| ||| ||||| |||| |||| || | |||| ||| || ||| ||| ||

FRS027-0205-562455017-02261-2261